# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SCHAFER, | CASE NO. 1:11-cv-00337 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| R. GUTIERREZ, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

The events at issue in this action occurred at Pleasant Valley the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, where Plaintiff was previously housed. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants: R. Gutierrez, R.N; F. Soto, R.N.; Physician's Assistant Pierre; Health Care Appeals Coordinator M. Crum; Health Care Appeals Coordinator Umi; Komar, R.N.; John and Jane Doe nurses.

Plaintiff was housed at SATF from April 10, 2008, to September 22, 2009, when he was transferred to Pleasant Valley State Prison. Plaintiff alleges that in February of 2009, he began to submit requests to see a doctor. Plaintiff suffered from heartburn and "an upset stomach." Plaintiff's condition affected his eating, sleeping and bowel movements. Plaintiff received a ducat to see a nurse, and was told that he would see a doctor. Plaintiff was "ignored by medical officials" for 9 weeks while his condition worsened. By May 10, 2009, Plaintiff suffered from "extreme diarrhea" and weight loss. Plaintiff submitted a health care appeal to Appeals Coordinators Umi and Crum. They refused to process his appeals. (Compl. ¶ 4.)

On July 8, 2009, another appeal request was submitted. On July 10, 2009, a ducat was issued, to which Plaintiff was never called. On July 15, 2009, Plaintiff received a ducat to see nurse Gutierrez. Although Plaintiff alleges that he was given "no treatment whatsoever," he does allege

that blood was drawn and a fecal sample was taken. Plaintiff was called back three weeks later and told that his specimen was insufficient and that he would have to provide another specimen. Plaintiff alleges that his condition worsened to the point that floor officers had to take Plaintiff to medical because he was defecating blood and could no longer eat. Plaintiff alleges that "medical" advised him that "we will check your white blood cell count and see you in two weeks." (Compl. ¶ 5.)

Plaintiff alleges that over the course of seven months, he lost a significant amount of weight, could not eat normally, defecated blood regularly, felt fatigued and weak, had mobility problems, heartburn, upset stomach and could not sleep. Plaintiff was ducated to medical on September 2, 2009, only to be told that he will be re-ducated. Plaintiff was never seen by a physician while at SATF. (Compl. ¶ 6.)

On September 22, 2009, Plaintiff was transferred to Pleasant Valley State Prison. At Pleasant Valley, Plaintiff was tested for helicobacter pylori. Plaintiff tested positive for H. pylori, with a level four times higher than the normal range. Plaintiff alleges that because of the delay by Corcoran medical staff in diagnosing and treating him, he developed cholitis, a permanent condition.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

**A.     Eighth Amendment Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, Plaintiff has clearly alleged facts indicating the he suffered from a serious medical condition, and failed to timely receive treatment for that condition. Plaintiff has not, however, charged each individual defendant with specific conduct, indicating that each of them knew of and disregarded Plaintiff's serious medical condition. Throughout the complaint, Plaintiff refers to medical staff in general, but fails to allege facts as to each defendant that support Plaintiff's conclusory allegation that they were deliberately indifferent to Plaintiff's condition. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff does allege that he filed a health care appeal, attempting to get medical care. Defendants Sumi and Crum, Health Care Appeals Coordinators, allegedly refused to process his appeals. Actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Ellington v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609 (7th Cir. 2007). For a supervisory defendant to be liable, there

must be either personal involvement or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)). The only conduct alleged as to Defendants Umi and Crum relates to their participation, or lack of participation, in the grievance process. Plaintiff therefore fails to state a claim against Defendants Crum and Umi.

### III.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **October 27, 2011**                         /s/ Gary S. Austin
                                                                          UNITED STATES MAGISTRATE JUDGE