**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SCHAFER, | 1:11-cv-00337-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 9.) |
| v. | |
| R. GUTIERREZ, et al., | |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.    RELEVANT PROCEDURAL HISTORY**

Daniel Schafer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 28, 2011. (Doc. 1.) On July 22, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on October 27, 2011, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc.

1

8.) On November 23, 2011, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 9.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants R. Gutierrez (RN), F. Soto (RN), Jean-Pierre (PA), Komar (RN), and unnamed Doe defendants (Nurses).

Plaintiff alleges that he submitted Form 7362 Health Care Requests and visited the Medical Clinic several times from February to September 2009 and informed defendants Gutierrez, Soto, Jean-Pierre, Komar, and the Doe defendants of his worsening stomach conditions from heartburn and upset stomach until he suffered internal bleeding, bloody stools, weight loss, and hospitalization. Plaintiff alleges that each of the defendants refused, for over seven months, to provide any treatment

or diagnosis, and refused to provide Plaintiff access to a medical doctor or specialist capable of treating and diagnosing his condition. Plaintiff alleges that defendants' actions caused him to suffer from Cholitis (*sic*) and permanent intestinal damage because he was infected with H. Phylori (*sic*) [bacteria] the entire time.

Plaintiff requests monetary damages and injunctive relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.   Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff fails to state an Eighth Amendment medical claim against any of the defendants. Although Plaintiff sufficiently alleges he had a serious medical need, Plaintiff fails to demonstrate that any of the Defendants knew he faced a substantial risk of serious harm and then acted in conscious disregard of the risk. It is not enough to allege that all of the named defendants "failed and knowingly refused to provide any treatment or diagnosis, and refused to provide access to a medical doctor or specialist capable of treating and diagnosing my condition." First Amended Complaint, Doc. 9 at 3 ¶4. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At most, Plaintiff states a

4

claim for negligence or a difference of opinion regarding treatment, neither which is actionable under § 1983.

### B.  Negligence

Plaintiff brings a claim for negligence under state law. Violation of state tort law, such as negligence, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's claim for negligence fails.

## V.  CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. Based on the facts set forth in the First Amended Complaint, the Court finds that further leave to amend is not warranted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court does not reach Plaintiff's state law claims because absent the existence of a viable federal claim, the Court lacks jurisdiction over the state claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:     **December 13, 2011**                             **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE